Filed 3/26/14  P. v. Bice CA2/6

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>GERALD N. BICE,<br><br>    Defendant and Appellant. | 2d Crim. No. B246268<br>(Super. Ct. No. VA119571)<br>(Los Angeles County) |

Art Buma is angered that his next door neighbor's girlfriend is installing a bamboo "fence" on their common property line.  Buma threatens her and appellant responds, resulting in a push and shove match of a few seconds.  Appellant goes to his home returning but a minute later with gun in hand.  He goes directly to Buma, places the muzzle under Buma's chin and pulls the trigger, instantly killing him.

Gerald N. Bice appeals from the judgment following his conviction by jury of first degree murder (Pen. Code, §§ 187, subd. (a), 189), [1] elder abuse resulting in death (§ 368, subd. (b)(1)), and unlawful possession of a firearm by a felon (former § 12021, subd. (a)(1)).  The jury found true allegations that appellant proximately caused the death of the elder abuse victim (§ 368, subd. (b)(3)) and personally and intentionally used a firearm which caused death or great bodily injury (§ 12022.53, subds. (b), (c) & (d)).  He

_____

[1] All statutory references are to the Penal Code unless otherwise stated.

admitted prior serious felony and prior strike conviction allegations. (§§ 667, subd. (a), 1170.12, subds. (a)-(d), 667, subds. (b)-(i).) The trial court sentenced him to state prison for 85 years to life. Appellant contends the court used misleading instructions on the doctrine of provocation which did not clearly inform the jury that a subjective standard applies to reduce first to second degree murder, and imposed the wrong term in sentencing him for possession of a firearm by a felon. We agree with appellant's second contention, correct the sentence, direct the superior court to amend the abstract of judgment, and otherwise affirm.

FACTUAL AND PROCEDURAL BACKGROUND
*Prosecution Case*

Art Buma, the 71-year-old victim, lived in a mobilehome park, next door to appellant and Jacqueline Brown. On May 1, 2011, around 9:00 a.m., Buma's friend, Gilbert Arciniega, went to Buma's mobilehome to help him with some work. That morning, Brown started installing a bamboo fence along or near her common boundary with Buma. Buma went outside and argued with Brown and appellant. Appellant and Buma got into a fistfight or shoving match that lasted less than a minute.

Buma returned to his space and decided to go out to breakfast with Arciniega. Buma was locking his mobilehome door when appellant walked towards Buma with a pistol in his hand. Without a word being said, appellant placed the pistol under Buma's chin and fired a shot that instantly killed Buma. Appellant stood over Buma's body, and smoked a cigarette. Arciniega called 911. Within minutes, sheriff deputies arrived and arrested appellant. He had no visible injuries.

*Defense Evidence*

Brown testified that Buma hit the side of her home with his fist, threatened to tear down the bamboo fence she and appellant were installing, and further threatened to bash in their faces with a pipe. Appellant ran to the other side of their trailer. Buma threw the pipe down and left. Minutes later, Brown heard a "pop." She walked a short distance and saw Buma lying on the ground.

2

*Instructions*

Appellant contends the trial court erred by giving the jury misleading instructions on the doctrine of provocation which failed to clarify that a subjective standard applies to reduce first to second degree murder. We disagree.

The trial court instructed the jury with standard instructions on homicide (CALCRIM No. 500), malice aforethought (CALCRIM No. 520), the degrees of murder (CALCRIM No. 521), provocation (CALCRIM No. 522), and voluntary manslaughter due to sudden quarrel or in the heat of passion (CALCRIM No. 570). The court informed the jury that murder is a killing with malice aforethought, and that if it decided the defendant committed murder, it must decide whether it was murder of the first or second degree. (CALCRIM Nos. 520 & 521.) The court further instructed the jury that first degree murder requires a willful, deliberate and premeditated killing; deliberation exists where the defendant decides to kill after a careful weighing of the considerations for and against his choice; premeditation exists where the defendant decides to kill before committing the act that caused death; and "[a] decision to kill made rashly, impulsively, or without careful consideration is not deliberate and premeditated." (CALCRIM No. 521.)

In addition, the court instructed the jury regarding provocation, as follows: "Provocation may reduce a murder from first degree to second degree and may reduce a murder to manslaughter. The weight and significance of the provocation, if any, are for you to decide. [¶] *If you conclude that the defendant committed murder but was provoked, consider the provocation in deciding whether the crime was first or second degree murder.* Also, consider the provocation in deciding whether the defendant committed murder or manslaughter." (CALCRIM No. 522, italics added.) The court then instructed the jury with CALCRIM No. 570 regarding the objective standard applicable to the provocation which reduces murder to voluntary manslaughter, as follows: "It is not enough that the defendant simply was provoked," and that "[i]n deciding whether the provocation was sufficient, [it must] consider whether a person of

3

average disposition, in the same situation and knowing the same facts, would have reacted from passion rather than from judgment."

In claiming the provocation instructions were misleading, appellant stresses their sequence: "The *objective* response to provocation . . . introduced in CALCRIM No. 570 was read directly after CALCRIM No. 522, which explained the *subjective* provocation necessary to reduce a first degree murder to second degree." He thus argues the instructions, as given, were likely to cause the jury to apply an incorrect, objective standard to determine whether there was adequate provocation to reduce murder from first to second degree. Like the other courts which have considered comparable challenges to provocation instructions, we reject appellant's claim. (*People v. Jones* (2014) 223 Cal.App.4th 995; *People v. Hernandez* (2010) 183 Cal.App.4th 1327, 1334-1335.)

"In reviewing a claim that the court's instructions were incorrect or misleading, we inquire whether there is a reasonable likelihood the jury understood the instructions as asserted by the defendant. (*People v. Cross* (2008) 45 Cal.4th 58, 67-68.) We consider the instructions as a whole and assume the jurors are intelligent persons capable of understanding and correlating all the instructions. [Citation.]" (*People v. Hernandez, supra*, 183 Cal.App.4th at p. 1332.)

Here, when the instructions are considered as a whole, it is not reasonably likely the jury would understand them as appellant asserts, and apply an incorrect, objective standard in assessing the provocation required to reduce first to second degree murder. It was instructed that if it found appellant committed first degree murder, it should sign and return the verdict form for that offense and not complete or sign any other form. It was also instructed that a rash and impulsive decision to kill was not first degree murder because it was not premeditated and deliberate. It was further instructed that if it concluded appellant "committed murder but was provoked, [it must] consider the provocation in deciding whether the crime was first or second degree murder." (CALCRIM No. 522.) Having been so instructed, a reasonable jury would not apply the instructions, find provocation, and then convict appellant of first degree murder. If the

4

jury found provocation, its only remaining question would be whether the killing was second degree murder or voluntary manslaughter. CALCRIM No. 570 served to clarify that question. (*People v. Hernandez, supra*, 183 Cal.App.4th at p. 1334 ["Although CALCRIM No. 522 does not expressly state provocation is relevant to the issues of premeditation and deliberation, when the instructions are read as a whole there is no reasonable likelihood the jury did not understand this concept"]; *People v. Rogers* (2006) 39 Cal.4th 826, 877-880 [absence of a provocation instruction specifically relating to reducing first degree murder to second degree does not mislead the jury].) The court did not err in giving the provocation instructions.

Because we conclude there was no instructional error, we reject the related claim that trial counsel rendered ineffective assistance by failing to request a modification to CALCRIM No. 522. (*Strickland v. Washington* (1984) 466 U.S. 668; *People v. Holt* (1997) 15 Cal.4th 619, 703.)

*Sentence*

Both parties assert the trial court committed a sentencing error. We agree. The court sentenced appellant to a total term of 85 years to life, comprised of 50 years to life for the count one murder (25 years to life, doubled pursuant to the three strikes law), with 35 years for enhancements. It stayed his sentence for count two (causing the death of an elder abuse victim), pursuant to section 654. The court further ordered the sentence for count three (possession of a firearm by a felon) to run concurrently with his count one sentence, but imposed a 16-month partial term sentence (one-third the middle term, doubled) rather than the requisite full term for count three. "Because concurrent terms are not part of the principal and subordinate term computation under section 1170.1, subdivision (a), they are imposed at the full base term, not according to the one-third middle term formula . . . ." (*People v. Quintero* (2006) 135 Cal.App.4th 1152, 1156, fn. 3.) We will correct appellant's count three sentence and direct the superior court to prepare an amended abstract of judgment to reflect his modified sentence.

5

DISPOSITION

We strike the 16-month sentence for the count three possession of a firearm by a felon, and impose a full middle term sentence of two years, doubled to four years, for count three, to be served concurrently with the count one murder sentence. The superior court shall amend the abstract of judgment accordingly and forward a certified copy to the Department of Corrections and Rehabilitation. The judgment is otherwise affirmed.

NOT TO BE PUBLISHED.


PERREN, J.


We concur:



GILBERT, P. J.



YEGAN, J.


6

Clifford L. Klein, Judge

Superior Court County of Los Angeles

_____


Jennifer M. Hansen, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Lance E. Winters, Senior Assistant Attorney General, Margaret E. Maxwell, Supervising Deputy Attorney General, Peggy Z. Huang, Deputy Attorney General, for Plaintiff and Respondent.